UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

JAMES WILLIAM TOWNER, 99A4878,

    Plaintiff,

-v-

Dr. RAO, Attica Correctional Facility,

    Defendant.

DECISION AND ORDER
12-CV-6633Fe

___

Plaintiff, who is now incarcerated in the Livingston Correctional Facility, filed this action in the Northern District of New York in June of 2012 while he was incarcerated in Attica Correctional Facility, and this claim was severed and transferred to the Western District of New York. Plaintiff requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and furnished the Court with a signed Authorization.

The Northern District, after determining that plaintiff had previously filed more than three actions that were dismissed pursuant to 28 U.S.C. § 1915(e), denied plaintiff poor person status. The Court determined that plaintiff's remaining non-severed claims could not qualify for the exception to 28 U.S.C. § 1915(g) on the basis that plaintiff was "under imminent danger of serious physical injury" at the time of filing, because the non-severed claims were not continuing when plaintiff filed this action and did not provide "an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges". As to this claim, the Northern District points out that plaintiff alleged that at the time of filing that Dr. Rao refused to provide him adequate medical care. Plaintiff alleges that after he fell and injured his back at Wyoming Correctional Facility in 2011, an x-ray revealed that

there were metal pins or surgical clips in plaintiff's abdomen. Dr. Rao, plaintiff's primary physician at Attica, has refused to provide him relief from the metal clips that have caused him long-standing abdominal pain, and "due to the state and department of correctional service <u>cut</u> back on medical care," plaintiff should wait until he is released to take care of the matter. Plaintiff also alleges that Dr. Rao refused to provide him a back brace or pain medication other than Motrin for pain resulting from the 2011 fall. The Court finds that plaintiff's allegations qualify for the "imminent danger" exception to 28 U.S.C. § 1915(g). Accordingly, plaintiff's request to proceed as a poor person is hereby granted

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Dr. Rao without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to answer the complaint.

SO ORDERED.

Dated: Nov. 28, 2012
Rochester, New York

Charles Siragusa
CHARLES J. SIRAGUSA
United States District Judge

2