UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES WILLIAM TOWNER,
                               Plaintiff,

                                                                                Case # 12-CV-6633-FPG

v.

                                                                                 DECISION AND ORDER

DR. RAO, ATTICA CORRECTIONAL
FACILITY,

                               Defendant.

*Pro se* Plaintiff James William Towner is a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), who brought this suit alleging that the Defendant, a medical doctor employed with DOCCS, violated his constitutional rights. Now before the Court is Defendant's motion to revoke Plaintiff's *in forma pauperis* status and to dismiss this action. Dkt. # 19. Because Plaintiff has accumulated more than three strikes, and because he is not in imminent danger of serious physical injury, the motion is granted, Plaintiff's *in forma pauperis* status is revoked, and the Complaint is dismissed without prejudice.

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") provides, in relevant part, that an inmate may not proceed *in forma pauperis* ("IFP") "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The PLRA also provides a narrow safety valve, allowing a prisoner who is in "imminent danger of serious physical injury" to avoid application of the so-called three strikes rule. *See* 28

U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002). Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed *in forma pauperis*, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562–63.

When Plaintiff filed his Complaint in this action, he falsely stated that he had only brought one prior lawsuit while incarcerated. However, a review of the United States Courts Public Access to Court Electronic Records ("PACER") system reveals that the Plaintiff had at least five actions dismissed as being frivolous or for failing to state a claim prior to commencing this action. *See, e.g., Towner v. Doe*, No. 9:07-CV-1343 (TJM/DRH) (N.D.N.Y. Feb. 5, 2008) (dismissing action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); *Towner v. Woods*, No. 9:08-CV-0080 (TJM) (N.D.N.Y. Mar. 20, 2008) (dismissing action pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A for failure to state a claim); *Towner v. River*, No. 9:08-CV-0049 (LEK/GHL) (N.D.N.Y. Feb. 6, 2008) (dismissing action for failure to state a claim); *Towner v. Gracefo*, No. 6:10-CV-6148 (W.D.N.Y. July 28, 2010) (dismissing action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A for failure to state a claim); and *Towner v. Gracefo*, No. 10-3490-pr (2d Cir. Dec. 3, 2010) (dismissing plaintiff's appeal to the Second Circuit "because it lacks an arguable basis in law or fact").

When the Complaint was initially screened in this District[1], Plaintiff was granted IFP status and allowed to proceed under the imminent danger exception based upon the allegations in his Complaint – the only information available at that time.

---

[1] The claims against Dr. Rao were initially brought in the Northern District of New York and were later transferred to this district.

2

Subsequent to that decision, Defendant was served with the Complaint, and has now moved to revoke Plaintiff's IFP status and dismiss this action, arguing that Plaintiff does not qualify for the imminent danger exception. Dkt. # 19.

The Second Circuit has explained that the imminent danger exception only applies to danger existing at the time the complaint is filed. *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). In other words, the exception does not provide a basis to avoid application of the three strikes rule on the basis of past harm. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). While the term "serious physical injury" as utilized in section 1915(g) is not concretely defined, it has been construed by courts as encompassing a "disease that could result in serious harm or even death [.]" *Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006). Further, the imminent danger claimed by the inmate must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1–2 (S.D.N.Y. Sept. 6, 2005). In determining whether the imminent danger exception applies, the Court may consider more recent medical evidence. *See Jones v. Spaeth*, 07-CV-677, 2010 WL 1268065, at *1 (E.D. Cal. Mar. 31, 2010).

In this case, Plaintiff alleges that during a prior surgical procedure in 1998, the doctors involved placed surgical clamps in Plaintiff's abdomen, which Plaintiff speculates are the source of abdominal pain that he has allegedly experienced for several years. According to the Plaintiff, these clamps were discovered during an x-ray in 2011 that was performed by DOCCS medical staff after the Plaintiff fell and injured his back at the Wyoming Correctional Facility. Plaintiff believes that these surgical clamps should have been discovered years ago by medical providers, and alleges that Dr. Rao should have performed surgery, as requested by Plaintiff, to remove the surgical clamps. In addition, Plaintiff also takes issue with the medications that he has received subsequent to his 2011 fall, claiming that he has received insufficient pain medications.

3

The Defendant, Dr. Rao, has submitted a detailed affidavit along with more recent medical records that bely many of the Plaintiff's contentions. The affidavit of Dr. Rao (Dkt. #19) establishes that surgical clamps are commonly used in medical procedures, are often "used to close surgical areas," "and do not cause any untoward effects." Dr. Rao further states that "[t]he surgical clamps did not and do not put Mr. Towner in any danger of serious physical injury. Quite the opposite, use of surgical clamps is a normal procedure and is not dangerous." *Id.* Notwithstanding the Plaintiff's allegations to the contrary, the medical records establish that Dr. Rao and the medical staff have examined and treated the Plaintiff on multiple occasions during the time period in question, seeking to address his medical concerns. These treatments were also far from perfunctory, as the records also establish that Plaintiff underwent multiple lab tests and an endoscopy. Further, the medical records attached to the affidavit demonstrate that on numerous occasions the Plaintiff declined treatments and examinations that the medical staff sought to perform upon him.

I would also note that Plaintiff brought a previous action in this court against DOCCS medical personnel, alleging that he had abdominal pain from at least 2005 through 2010 (when that action was filed), and alleged that his abdominal issues were from ingesting peanut butter at the prison that contained salmonella. That case, *Towner v. Gracefo, supra,* was dismissed for failure to state a claim, and the Second Circuit dismissed the Plaintiff's appeal of that order, finding that it lacked any basis in law or fact. Having had that action dismissed, Plaintiff now alleges that he has abdominal pain not from peanut butter, but from surgical clamps dating back to 1998. However, as previously stated, the only medical evidence in the record establishes that surgical clamps are commonly used in surgical procedures, and that no tests or procedures have shown any problems with the clamps that are in the Plaintiff's abdomen. Rather, the only

support for the allegation that Plaintiff's surgical clamps are somehow problematic is nothing more than Plaintiff's own speculation.

On this record, Plaintiff has fallen far short of demonstrating that he is in imminent danger of serious physical injury, and it is worth noting that courts considering allegations of discomfort or the lack of pain medication have found them to not constitute an imminent danger. *See Henderson v. Williams*, No. 03-CV-0216, 2003 WL 21756336, at *1 (N.D. Tex. July 30, 2003) (allegations of discontinuance of pain medication and pain and swelling in back and groin insufficient to show imminent danger of serious physical injury); *Gallagher v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000) (allegations of denial of all medications for excruciating pain and extra work assignments despite complaints of pain and difficulty ambulating insufficient to demonstrate imminent danger of serious physical injury).

In addition, by Plaintiff's own admissions, the surgical clamps that he now speculates are the cause of his alleged abdominal pain have existed for over a decade before this action was filed in 2012. Since Plaintiff has now lived for over 15 years since that surgery, he cannot be in imminent danger of death or serious physical injury. Further, the record is replete with evidence that DOCCS has treated him with medications for his pain during that time frame (albeit not to his satisfaction). Based on all of the foregoing, these alleged harms simply do not constitute an imminent danger of serious physical harm. *See, e.g., Malik*, 293 F.3d at 562-63 (imminent danger does not include harms that have already occurred).

Finally, I would also note that even when interpreted broadly, Plaintiff's claims sound in either negligence[2] or a disagreement regarding his medical care – both of which are not cognizable under either § 1983 or the Eighth Amendment. *See Smith v. Carpenter*, 316 F.3d

---

[2] Indeed, in several of Plaintiff's filings, including his Complaint (Dkt. #1) and in his response to the Defendant's Motion for Summary Judgment (Dkt. #34), he repeatedly refers to his claims as being for negligence.

178, 194 (2d Cir. 2003) (negligent medical care does not support a section 1983 claim); *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (disagreement with prison officials about what constitutes appropriate care does not state a claim under the Eighth Amendment).

## CONCLUSION

Because Plaintiff is not in imminent danger of serious physical injury, he may not proceed *in forma pauperis* in this case. Defendant's motion (Dkt. # 19) to revoke Plaintiff's *in forma pauperis* status is GRANTED, Plaintiff's *in forma pauperis* status is hereby REVOKED and the Complaint is DISMISSED without prejudice to refile with payment of the $350.00 filing fee within 14 days.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: September 23, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge